UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICHOLAS CHRISTOPHER BOYD,<br><br>              Plaintiff,<br>    v.<br><br>STATE OF WASHINGTON, et al.,<br><br>              Defendants. | Case No. C19-5897-RBL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>November 1, 2019</u> |

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner who is currently confined at the Washington Correction Center in Shelton, Washington.[1] He seeks leave to proceed with this civil rights action *in forma pauperis*. Dkt. 4. Plaintiff identifies the State of Washington, Grant County, Superior Court, and corrections officers at Grant County Jail "Irwin", "Leslie", and "Villareal" as defendants in this action. Dkt. 1-1. For the reasons discussed below, the Court should: (1) dismiss plaintiff's claims against the State of Washington for failure to state a claim; (2) direct that this case be transferred to the United States District Court for the Eastern District of Washington which is the proper venue; (3) defer ruling on plaintiff's IFP application to allow the United States District Court for the Eastern District of Washington to rule on that motion.

---

[1] Plaintiff was confined at the Grant County Jail when the events giving rise to this complaint allegedly occurred but is now confined at the Washington Corrections Center. Dkt. 1-1.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Plaintiff alleges in his complaint that while in custody at Grant County Jail on March 3, 2019, another inmate poured dirty mop bucket water "with urine and poop" under his cell door. Dkt. 1-1. He alleges he was allowed out of his cell to get a mop but before he was able to clean his cell was told to "lock down." *Id.*

Plaintiff indicates when he objected to being locked down in an unsanitary room Officer Irwin grabbed his arm and placed it behind his back. *Id.* He alleges that, although he complied, the officers led him into his flooded cell and forced him to kneel down in water with hazardous material and while Officers Irwin and Villareal had both hands "latched" behind his back, Officer Leslie began "tazing him with a cattle prong." *Id.* Plaintiff indicates he fell to his knees and Officer Leslie continued to taze him while he lay face down in the hazardous water. *Id.*

Plaintiff alleges he sustained burns to his back and that this event has caused him heightened paranoia and anxiety. *Id.* Plaintiff seeks unspecified monetary damages and for the corrections officer defendants to be "fired." *Id.*

## DISCUSSION

The Court is required to consider the complaint under 28 U.S.C.A. § 1915A:

> **(a) Screening.**--The court shall review, *before docketing*, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> **(2)** seeks monetary relief from a defendant who is immune from such relief.

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050,

1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

Here, plaintiff fails to state a claim against defendant the State of Washington. The State of Washington is not a "person" for purposes of a 42 U.S.C. § 1983 civil rights action. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Thus, the State of Washington cannot be sued under § 1983. And the State is entitled to immunity from lawsuits for damages under the Eleventh Amendment to the United States Constitution. *Hafer v. Melo,* 502 U.S. 21, 30 (1991); *Edelman v. Jordan,* 415 U.S. 651, 662-63 (1974). There is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal court for this case. Accordingly, the Court recommends that plaintiff's claims against the State of Washington be dismissed as this deficiency cannot be cured through amendment.

Furthermore, because it appears from the face of the complaint that all of the remaining defendants implicated in plaintiff's complaint reside in the Eastern District of Washington, and because the cause of action arose in that district, venue is proper in that district. *See* 28 U.S.C. § 1391(b). When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a).

REPORT AND RECOMMENDATION - 3

This Court concludes that it is in the interest of justice to transfer the instant action. Accordingly, the Court recommends that the case be transferred to the United States District Court for the Eastern District of Washington and that the Clerk be directed to take the steps necessary to transfer this case to the proper district and to remove the case from this Court.

CONCLUSION

For the foregoing reasons, the Court should: (1) dismiss plaintiff's claims against the State of Washington for failure to state a claim; (2) direct that this case be transferred to the United States District Court for the Eastern District of Washington which is the proper venue for this action; and, (3) defer ruling on plaintiff's IFP application (Dkt. 4) to allow the United States District Court for the Eastern District of Washington to rule on that motion.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **November 1, 2019**, as noted in the caption.

Dated this 11th day of October, 2019.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4